Idell Scott v. Commissioner.
Scott v. Commissioner
Docket No. 78900.
United States Tax Court
T.C. Memo 1961-149; 1961 Tax Ct. Memo LEXIS 199; 20 T.C.M. (CCH) 744; T.C.M. (RIA) 61149; May 25, 1961
Idell Scott, pro se, 2316 Washington Ave., New Orleans, La. Robert B. Alexander, Jr., Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of petitioner for the taxable year 1957 in the amount of $486. The sole issue before us is whether petitioner contributed more than one-half of the support of each of five nieces and nephews for the year 1957. Findings of Fact Petitioner, Idell Scott, resided at 2303 Washington Avenue, New Orleans, Louisiana, from June 1, 1957, through December 31, 1957, and filed her Federal income tax return with the district director of internal revenue at New Orleans, Louisiana. During the taxable year 1957 petitioner was employed by New Orleans Union Passenger Terminal, New Orleans, Louisiana. She earned *200 wages in the amount of $3,329.83. She had no other income in that year. Her five nieces and nephews came to live with her on June 1, 1957, and continued to live with her through the remainder of 1957. The five children received $50 per month from Social Security for the last eight months of 1957, and $106 per month from the Louisiana State Welfare for the last eight months of 1957. The total amount so received was $1,248. Petitioner's sister, who was the mother of the five children, died April 21, 1957. Petitioner's own expenditures in 1957 (other than for her food and clothing, and for the support of the five children) totaled more than $2,000. The deceased mother of the five children received $82 per month from state welfare for first four months of 1957 (total $328) until her death. This amount was used by the mother for support of herself and the five children during the first four months of 1957. Beginning June 1, 1957, petitioner's sister, Betty Lou Major, and her daughter came to live with petitioner and lived with her through the remainder of 1957. The sister and her daughter received $49 per month each from Social Security. They had no other income or available funds. *201 The sister ran the house and did the cooking. Opinion Respondent's determination is prima facie correct and the burden of proof rests with petitioner to establish as a fact that she contributed more than half of the support of each of the five nieces and nephews in 1957. See section 152 of the Code of 1954. While petitioner no doubt contributed substantially, according to her means, to the support of the five children, she failed to prove the amounts she actually contributed to each, or the total amount so contributed. Petitioner attempted to prove the whole amount contributed on the theory that she used the entire residue of her salary, over and above her own expenses, for the support of the five children, and that the amounts so contributed exceeded the amount of $1,248 received by the children from Social Security and Louisiana State Welfare Fund, to which must be added the 1957 support furnished to the children by their mother prior to her death in April of that year. A conservative estimate of the support furnished by the mother is $164, which is half of the $328 received by her from the welfare fund. There is no evidence warranting our acceptance of a lower figure. Thus, *202 the amounts contributed to the children's support by others than petitioner total $1,412. Petitioner's salary (and sole source of income or available funds) was $3,329.83. Her own expenditures (other than her food and clothing and contributions to the support of the children) totaled a little more than $2,000. Accepting the figure at $2,000, the remaining funds available to her could not have exceeded $1,329.83. This, without further reduction for food and clothing, is less than the amount of $1,412 contributed to the support of the children by sources other than petitioner. There is no evidence of the cost to petitioner for food and clothing and no suggestion that these items were not paid for by petitioner herself. On the basis of the foregoing, we must hold that petitioner has failed to sustain her burden of proof. We realize that this is a hardship case, and that petitioner is to be highly commended for her devotion to the children and her willingness to contribute substantially to their support in amounts which to her entailed a heavy burden, but we must, of course, rule on the facts of record according to the applicable law. Decision will be entered for respondent.